Marine **AVETISIAN**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 04–70247, 05–70619.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Judith L. Wood, Esq., Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., Susan K. Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Marine Avetisian, a native and citizen of Armenia, petitions for review of the decisions of the Board of Immigration Appeals ("BIA") (1) affirming without opinion an immigration judge's ("IJ") order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"); and (2) denying her motion to reopen proceedings to apply for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review credibility findings under the substantial evidence standard, and will reverse only if the evidence compels a contrary result. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We review for abuse of discretion the denial of a motion to reopen. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). We deny the petitions for review.

The IJ's adverse credibility finding was based on the lack of detail in Avetisian's description of her arrests, *see Singh–Kaur*, 183 F.3d at 1153, and his conclusion that much of her testimony was "implausible in light of the background evidence," *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). We are therefore not compelled to find Avetisian credible. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

Because we conclude that the adverse credibility determination is supported by substantial evidence, Avetisian has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Avetisian's CAT claim relies on her testimony about her arrests, that claim also fails. *See id.* at 1157.

The BIA did not abuse its discretion in denying Avetisian's motion to reopen because it was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (requiring a motion to reopen to be filed "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened"). Avetisian has not demonstrated that any exception to this rule applies to her case. To the extent Avetisian contends the BIA should have sua sponte reopened her case, we lack jurisdiction to consider the issue. *See Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir.2002).

Avetisian's remaining contentions lack merit.

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.